# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

ROSS MATTHEW CATAFFO,

      Plaintiff,

v.                                  CIVIL ACTION NO.   2:26-cv-00326

WAYNE CASTRO,

      Defendant.

### PROPOSED FINDINGS & RECOMMENDATION

This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge by standing order for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3). Before this Court is the *Application to Proceed Without Prepayment of Fees or Costs* filed by Plaintiff Ross Matthew Cataffo ("Plaintiff"), who is proceeding pro se in this civil action. (ECF No. 1). For the reasons set forth herein, it is respectfully **RECOMMENDED** that this civil action be **DISMISSED** without prejudice, and Plaintiff's Application be **DENIED** as moot.

## I.     BACKGROUND

Plaintiff Ross Matthew Cataffo ("Plaintiff") filed a short-form complaint against Defendant Wayne Castro ("Defendant") on May 8, 2026. (ECF No. 2). The handwritten *Complaint*, though partially illegible, appears to assert only the following sparse allegations of fact:

He stol[e] my phone while working for him I have proof I sold my customers since 2005 and Wayne slandered me in the industry by obtaining my customers through slander[.]

(ECF No. 2 at 4).

The undersigned takes judicial notice that the allegations are substantially similar to a 2025 civil action brought in this Court by Plaintiff against Defendant Wayne Castro and Mr. Castro's business, Empire Construction Supply. *See Cataffo v. Empire Constr. Supply*, 2:25-cv-523, ECF No. 2 (S.D. W. Va. Sept. 2, 2025) (complaint). That matter was dismissed on November 7, 2025 for failure to prosecute. *Id.* at ECF No. 8 (S.D. W. Va. Nov. 7, 2025). Plaintiff appears to acknowledge this fact in the instant matter, noting on his short-form *Complaint* that he has filed "[an]other lawsuit[] . . . dealing with the same facts involved in this action" against "Empire Construction Supply." (ECF No. 2 at 1).

## II.    LEGAL STANDARD

Where, as here, a plaintiff seeks to proceed *in forma pauperis*, this Court has a duty pursuant to 28 U.S.C. § 1915(e) to "screen initial filings . . . to independently assess the merits of *in forma pauperis* complaints" and "exclude suits that have no arguable basis in law or fact." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (citing *Nasim v. Warden*, 64 F.3d 951, 953–54 (4th Cir. 1995)). This Court must "dismiss a complaint filed *in forma pauperis* 'at any time if [it] determines that . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted.'" *Id.* Furthermore, as part of its initial screening pursuant to 28 U.S.C. § 1915, this Court may determine whether it has subject matter jurisdiction over the claims at issue. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) ("Determining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient

2

procedure."). *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

When reviewing a complaint filed *in forma pauperis* for failure to state a claim, this Court applies the same standards that it applies to review a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (citing *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003)). That is, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss. *Id.* at 648 (quoting *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015)).

This Court construes a pro-se plaintiff's allegations "liberally," but the complaint must nonetheless "contain enough facts to state a claim for relief that is plausible on its face." *Thomas*, 841 F.3d at 637 (quotations omitted); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because such deference is given to pro-se complaints, the Court should grant

leave to amend where a pro-se complaint can be remedied by an amendment, to allow the development of a potentially-meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151-53 (4th Cir. 1978) (explaining that a district court should allow pro-se plaintiffs a reasonable opportunity to develop pleadings.); *Coleman v. Peyton*, 370 F.2d 603, 604 (4th Cir. 1965) (stating that a pro-se plaintiff should be given an opportunity to particularize potentially-viable claims). Nonetheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 685 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to pro-se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or "conjure up questions never squarely presented" to the court. *Randolph v. Baltimore City Atates Atty.*, 14-3176, 2014 WL 5293708, at *1 (D. Md. Oct. 14, 2014), *aff'd sub nom. Randolph v. New Tech*, 588 Fed. App'x 219 (4th Cir. 2014) (citations omitted)). Thus, the Court may deny leave to amend when "the amendment would be futile," such that "it is clearly insufficient or frivolous on its face" or "if the claim it presents would not survive a motion to dismiss." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019).

### III.   DISCUSSION

Here, the undersigned **FINDS** that Plaintiff's Complaint is wholly insubstantial and frivolous and fails to invoke this Court's subject-matter jurisdiction. As such, dismissal is proper pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 12(h)(3) of the Federal Rules of Civil Procedure.

First, dismissal is proper because Plaintiff has identified no basis for this Court's subject-matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Plaintiff cites no legal authority, such as a federal statute or constitutional provision, and it does not appear that he is attempting to state a claim arising under federal law. Therefore, the Court cannot exercise federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331. Likewise, plaintiff fails to allege that complete diversity exists among the parties or that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). In fact, Plaintiff does not allege the citizenship of any party. As such, Plaintiff has not alleged any basis for the Court to exercise subject-matter jurisdiction over this case. Accordingly, the instant action must be dismissed without prejudice for lack of subject-matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.[1]

Dismissal is likewise proper because Plaintiff's *Complaint* fails to set forth sufficient factual allegations to assert a plausible claim for relief. Here, as a factual basis for his Complaint, Plaintiff only says that Defendant "stole" Plaintiff's phone and

---

[1] As the Fourth Circuit Court of Appeals noted, the absence of subject-matter jurisdiction cannot support a dismissal with prejudice "because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits." *Shing v. MD Dev. Disabilities Admin.*, 698 Fed. App'x 70, 72 (4th Cir. 2017). *Accord Shepherd v. Shepherd*, 2:25-cv-394, 2025 WL 2640435, at *1 n.1 (S.D. W. Va. Sept. 12, 2025).

"obtain[ed] [Plaintiff's] customers through slander." Plaintiff's vague, one-sentence description of his claim includes only conclusory contentions and fails to provide the Court with any context. For example, Plaintiff has not alleged what, if any, events occurred that would provide a basis for his lawsuit, nor has he provided the locations of any events in which Defendant was allegedly involved. Nor is it clear when these events occurred. Plaintiff vaguely mentions "2005," making it highly likely that even if he set forth a viable claim, it would be barred by the applicable statute of limitations.

Moreover, the Plaintiff does not provide who, exactly, the parties are, the Plaintiff does not explain the basis for filing in this Court, and the Plaintiff does not provide any context whatsoever for his allegations. It is wholly unclear what acts or omissions on the part of the Defendant either gave rise to a claim for slander, or otherwise acted in a manner that gave rise to any legally-redressable claim. This is fundamentally insufficient to set forth a plausible claim for relief. As the U.S. Supreme Court explained, while the pleading standard set forth in the Federal Rules of Civil Procedure "does not require detailed factual allegations . . . it demands more than an unadorned, 'the-defendant-unlawfully-harmed-me' accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Without more, Plaintiff's claim cannot survive even the lenient screening standard under § 1915 and therefore the Court has no choice but to recommend dismissal of Plaintiff's complaint because it fails to set forth any claim upon which relief may be granted.

Because such deference is given to pleadings filed by parties proceeding pro se, the Court should grant leave to amend where a pro-se complaint can be remedied by an amendment, to allow the development of a potentially-meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). However, the Court may deny leave to amend when "the

amendment would be futile," such that "it is clearly insufficient or frivolous on its face" or "if the claim it presents would not survive a motion to dismiss." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019). Here, Plaintiff's *Complaint* is fundamentally insufficient and clearly frivolous on its face. Simply put, Plaintiff's *Complaint* utterly fails to meet the pleading requirements of Rule 8(a) and thus is so wholly insubstantial and frivolous that it essentially fails to provide *any* factual allegations whatsoever. Consequently, even if the Court could exercise subject-matter jurisdiction over this civil action, it is nonetheless subject to dismissal for failure to state a claim for which relief may be granted, and amendment would be futile. *See id.*

As Magistrate Judge Wyrick found under similar circumstances before the U.S. District Court for the Eastern District of Tennessee, dismissal pursuant to 28 U.S.C. § 1915 is proper because "the deficiencies identified are so extensive that they are not subject to being addressed via an amended complaint." *Ford v. Bichotte-Hermelyn*, 2:26-cv-104, ECF No. 8 at 3-4 (E.D. Tenn. May 5, 2026). *See also Ford v. Bichotte-Hermelyn*, 5:26-cv-966, ECF No. 3 at 1-2 (W.D. Okla. May 5, 2026) (finding amendment unwarranted "because Plaintiff's Complaint is so devoid of substance"); *Ford v. Bichotte-Hermelyn*, 2:26-cv-303, ECF No. 5 at 3 (M.D. Ala. May 1, 2026) ("[G]iven that the Complaint is wholly insubstantial and frivolous, Plaintiff will not be given an opportunity to amend.").

Furthermore, Plaintiff has not established that venue is proper in this civil action. Federal statute generally permits a plaintiff to bring a civil action in one of three places: (1) a judicial district in which any defendant resides when all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part

of the events or omissions giving rise to the claims occurred; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to the action. 28 U.S.C. § 1391(b). There is nothing in the *Complaint* to indicate that the Defendant has any connection to West Virginia whatsoever, or that any of the events giving rise to Plaintiff's unspecified claim occurred in West Virginia. Consequently, there is nothing in the record to suggest that venue is proper in this Court.

Finally, as the U.S. District Court for the Northern District of North Dakota found under similar circumstances, "this action appears malicious." *Mills v. Bluth*, 1:26-cv-47 (D. N.D. Feb. 24, 2026). The undersigned takes judicial notice that Plaintiff has initiated *eleven* civil actions in this Court. The first six actions were filed within a span of only three days between September 2, 2025, and September 4, 2025.[2] Each of those actions have since been dismissed for failure to prosecute. *See id.* Similarly, the remaining five actions were all filed between May 8, 2026, and May 11, 2026.[3] They each similarly contained hastily-handwritten, barebones complaints that are fundamentally insufficient to state a plausible claim for relief.

---

[2] *See* (1) *Cataffo v. VA Med. Ctr.*, 2:25-cv-522, ECF No. 6 (S.D. W. Va. Nov. 7, 2025) (dismissing for failure to prosecute); (2) *Cataffo v. Empire Constr. Supply*, 2:25-cv-523, ECF No. 8 (S.D. W. Va. Nov. 7, 2025) (dismissing for failure to prosecute); (3) *Cataffo v. Jackson Cty. Police Dep't*, 2:25-cv-524, ECF No. 9 (S.D. W. Va. Feb. 18, 2026) (dismissing for failure to prosecute and failure to state a claim); (4) *Cataffo v. Murphys Water Well Bits*, 2:25-cv-525, ECF No. 8 (S.D. W. Va. Nov. 7, 2025) (dismissing for failure to prosecute); (5) *Cataffo v. Lavine*, 2:25-cv-532, ECF No. 6 (S.D. W. Va. Nov. 7, 2025) (dismissing for failure to prosecute); (6) *Cataffo v. Econo Lodge by Wyndham*, 2:25-cv-537, ECF No. 7 (S.D. W. Va. Nov. 24, 2025) (dismissing for failure to prosecute), *affirmed*, 25-7001 (4th Cir. Apr. 28, 2026).

[3] *See* (1) *Cataffo v. Berkley*, 2:26-cv-325, ECF No. 2 (S.D. W. Va. May 8, 2026) (Complaint filed); (2) *Cataffo v. Castro*, 2:26-cv-326, ECF No. 2 (S.D. W. Va. May 8, 2026) (Complaint filed); (3) *Cataffo v. Casto*, 2:26-cv-328, ECF No. 2 (S.D. W. Va. May 8, 2026) (Complaint filed); (4) *Cataffo v. Macia*, 2:26-cv-330, ECF No. 2 (S.D. W. Va. May 11, 2026) (Complaint filed); (5) *Cataffo v. Lavin*, 2:26-cv-331, ECF No. 2 (S.D. W. Va. May 11, 2026) (Complaint filed).

It thus appears that these cases were brought for an improper purpose, as they involve malicious filings intended to clog and delay the function of the federal courts and/or to harass the named Defendants rather than initiate legitimate litigation against the Defendants. "[A] plaintiff's duplicative complaint is an abuse of the judicial process and is properly dismissed" as malicious under 28 U.S.C. § 1915. *See Daker v. Ward*, 999 F.3d 1300, 1308 (11th Cir. 2021); *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997); *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988); *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981). The undersigned therefore **FINDS** that Plaintiff is engaged in a pattern of vexatious litigation in this Court. "[T]he public is not well-served" when "the court system [is] weaponized by any party for improper purposes" because "[j]udicial time and resources are wasted . . . [and] of course, diverted from legitimate, meritorious claims." *Emrit v. Devos*, 8:20-cv-00773, 2020 WL 9078298, at *2-3 (M.D. Fla. Apr. 20, 2020). This Court is authorized to impose such sanctions under the circumstances, because the All Writs Act, 28 U.S.C. § 1651(a), empowers federal district courts to enjoin vexatious litigants who have a history of abusing the court's limited resources. *See Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004). The undersigned respectfully **RECOMMENDS**, therefore, that this action be summarily **DISMISSED** and Plaintiff be warned by the presiding U.S. District Judge that further attempts to pursue meritless litigation may result in filing restrictions.

## IV.   <u>RECOMMENDATION</u>

For the foregoing reasons, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Plaintiff's *Application to Proceed Without Prepayment of Fees or*

*Costs* (ECF No. 1) as moot and **DISMISS** this action without prejudice.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection; further, pursuant to Rule 6(d), any unrepresented party shall have an additional three (3) days after this fourteen-day period if service is made via U.S. Mail. Extension of this time period may be granted by the presiding District Judge for good cause shown. A copy of any objections shall be provided to Judge Goodwin, and to each opposing party—except that, if any opposing party is represented by counsel, that party's copy should be provided to his or her counsel.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals. 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation, and to transmit a copy to counsel of record and any unrepresented party.

ENTERED:   May 13, 2026

Dwane L. Tinsley
United States Magistrate Judge